**Pedro Quiñones TOYOS, Plaintiff,**

v.

**WESTERN AUTO OF PUERTO RICO, Defendant.**

**Civil No. 98–1464(SEC).**

United States District Court,
D. Puerto Rico.

July 30, 1998.

Pedro V. Aguirre–de–Jesus, Santurce, PR, for Plaintiff.

Vicente Santori–Coll, Rafael F. Aguilo–Vélez, Schuster, Usera, Aguilo & Santiago Law Offices, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendant's unopposed motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure (**Docket # 7**). Defendant contends that the above-captioned complaint should be dismissed because plaintiff cannot assert either a civil rights claim under 42 U.S.C. § 1983, or a claim under the Federal Trade Commission Act, 15 U.S.C. § 45. Upon careful review of the complaint, the applicable law, and the arguments advanced by defendant, the Court finds that defendant's motion should be **GRANTED**.

■ As defendant asserts, the party invoking this Court's jurisdiction carries the burden of proving its existence. *Taber Partners I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.1993). Plaintiff was therefore, required to present whatever evidence it could proffer to carry such a burden. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995). This, however, he failed to do. Instead, days before his time to file an opposition expired, his attorney filed a motion for leave to withdraw his legal representation (**Docket # 7a**), allegedly because his client no longer trusted him. Nevertheless, defendant has brought to our attention the fact that plaintiff's counsel intends to file an identical claim in state court and that he does not, therefore, have issues with his client. (**Docket # 8**). We will not allow plaintiff to circumvent the Rules of this Court through the use of technicalities such as this one in order to avoid an adverse ruling. Thus, based on the foregoing, we will hereby **DENY** his motion for leave to withdraw as counsel, and will view defendant's motion on the merits.

### Applicable Law/Analysis

*Section 1983   Claim*

■ Section 1983 of Title 42 of the United States Code provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* To establish a claim under § 1983, plaintiff must demonstrate that he was denied some right secured by the Constitution and/or laws of the United States, and that defendant deprived him of this right while acting under color of state law. *Flagg Bros. Inc., v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). As to the latter requirement, the First Circuit has held that while the state involvement does not have to be direct, the "conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State." *Rodriguez–Garcia v. Davila*, 904 F.2d 90, 94 (1st Cir.1990)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

The Supreme Court has devised several tests for determining whether a private individual is a government actor. Under the nexus test, utilized by the Supreme Court in *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974), a government action exists when "there is a sufficiently close nexus between the [government] and the challenged action of the [entity] so that the action of the latter may be fairly treated as that of the [government] itself." *Id.* "[T]he party seeking to establish that [an] action of a private party violated the Constitution must be able to point to the specific act or actions of the government which in fact motivated the private action." *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447, 450 (1st Cir. 1983).

Under the symbiotic relationship test, used by the Supreme Court in *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961), the actions of the private entity are attributable to the government if the government "has so far insulated itself into a position of interdependence with the entity that it must be recognized as a joint participant in the challenged activity." The court held that "under such circumstances plaintiff need not show how the government was particularly involved in the challenged action. Rather, the government is charged with all the actions of the private party." *Id.*

Finally, under the public function test, the actions of a private entity are attributed to the federal government only if the entity "exercises powers traditionally exclusively reserved to the [government]." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974). The fact that "a private entity performs a function which serves the public does not make its acts state action." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

Plaintiff essentially argues that Western Auto's employees were negligent in inspecting and repairing his car, and that these actions and/or omissions constituted a violation of 42 U.S.C. § 1983. There is no allegation and/or evidence that the government of Puerto Rico encouraged or affirmatively induced, economically or otherwise, defendant's alleged conduct. Neither is there any assertion that Western Auto has a relationship with the Puerto Rican government tantamount to a joint venture, or that the government receives financial contributions from Western Auto's sales. Finally, nowhere in the complaint is there a claim that Western Auto assumed a responsibility that is traditionally reserved to the state. In sum, under each of the three relevant tests, plaintiff has failed to allege that his alleged damages can be fairly attributed to the federal government.

*Federal Trade Commission Act Claim*

Section 5 of the Federal Trade Commission Act states, in pertinent part, that: "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). The foregoing section does not provide private persons with a judicial remedy for private wrongs. *See, e.g., Baum v. Great Western Cities, Inc.*, 703 F.2d 1197, 1209 (10th Cir.1983). A person who deems himself aggrieved by the use of an unfair method of competition may only bring the matter to the Commission's attention and request that the Commission itself file a complaint on his behalf. If his request is granted and a proceeding is, in fact, instituted, he does not, however, automatically become a

party to it. He may only request permission to intervene in the case through counsel or in person, and such requests will only be granted upon good cause shown. *See, e.g, Federal Trade Commission v. Klesner,* 280 U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138 (1929).

Plaintiff contends that Western Auto used the media to deceive and deprive him of his rights, in violation of § 5 of the FTCA. But as stated previously, federal district courts do not have jurisdiction over actions brought directly by a private person under the FTCA, asserting that as a consumer, he has been injured because of Western Auto's alleged false advertising. *See Holloway v. Bristol–Myers Corp.,* 327 F.Supp. 17, aff'd, 485 F.2d 986 (D.C.Cir.1973).

For the foregoing reasons, defendant's motion to dismiss is hereby **GRANTED,** and the above-captioned matter is hereby **DISMISSED.** Furthermore, given the frivolous nature of this complaint; *see, e.g., Aetna Casualty and Surety Co. v. Kellogg,* 856 F.Supp. 25, 32 (D.N.H.1994); costs and attorney fees shall be taxed to plaintiff. Judgment shall be entered accordingly.

**SO ORDERED.**